```
                  UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
```

| | |
|---|---|
| LAMOND CLARK, | No. CV 06-08113-JFW (VBK) |
|     Petitioner, | MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES YATES, | |
|     Respondent. | |

**<u>INTRODUCTION</u>**

On December 19, 2006, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody.  Petitioner raised the following claims: (1) ineffective assistance of trial counsel; and (2) abuse by appellate court by summarily denying Petitioner's writ of habeas corpus when a clear violation of Petitioner's Sixth and Fourteenth Amendment rights were presented.  (<u>See</u> Petition at page 5, attached memorandum.)

On February 12, 2007, Petitioner filed a Request for Stay and Abeyance Pending State Court Exhaustion to exhaust a claim under <u>Cunningham v. California</u>, 549 U.S. 270, 127 S.Ct. 856 (2007).

On February 12, 2007, the Court issued a Minute Order ordering

Respondent to file an Opposition or Statement of Non-Opposition. On February 20, 2007, Respondent filed a "Statement of Non-Opposition to Motion to Stay." On February 23, 2007, the Court issued a Minute Order granting Petitioner's Request for a Stay to exhaust his claims in state court.

On May 20, 2008, Petitioner filed a First Amended Petition. Petitioner raised a claim under Cunningham and an insufficiency of the evidence claim regarding his prior convictions.

On July 7, 2008, Petitioner filed an "Application for Enlargement of Time to Refile a Correct and Complete First Amended Petition in this Court." On July 9, 2008, the Court issued a Minute Order granting Petitioner leave to file a Second Amended Petition containing the claims raised in the original petition and the newly exhausted claims contained in the First Amended Petition.

On September 8, 2008, Petitioner filed an "Amended Petition" which the Court has construed as a Second Amended Petition. Petitioner raised the following claims: (1) ineffective assistance of counsel; (2) due process of law; and (3) unlawfully imposed upper sentence term based on facts not presented to the jury. (See Second Amended Petition at 5-6; attachment pp. 1-21.)

On December 9, 2008, Respondent filed a Motion to Dismiss Petitioner's Second Amended Petition on the grounds that the Petition contains unexhausted claims. Specifically, Respondent contends that Petitioner in his Second Amended Petition added the following claims: (1) the trial court violated his due process rights by failing to reduce his conviction for carjacking to the lesser offense of joyriding (Second Amended Petition, attachment at 4); (2) the trial court violated his "Fourth Amendment" by failing to appoint

independent counsel to investigate whether he received ineffective assistance of trial counsel (Second Amended Petition, attachment at 5-6, 9-10, 18); (3) the failure to appoint independent counsel was an abuse of discretion (Second Amended Petition, attachment at 9, 11-13); (4) trial counsel provided ineffective assistance by failing to present testimony from a character witness (Second Amended Petition, attachment at 5); and (5) counsel provided ineffective assistance by failing to admit evidence pursuant to California Evidence Code §1241 (Second Amended Petition, attachment at 14).  Respondent contends that Petitioner never presented these additional claims in either his Petitions for Review or his Petition for Writ of Habeas Corpus in the California Supreme Court.

On December 15, 2008, the Court issued a Minute Order ordering Petitioner to file an Opposition or Statement of Non-Opposition to Respondent's Motion to Dismiss Second Amended Petition.

On January 14, 2009, Petitioner filed a document entitled "Application for Opposition to the Motion to Dismiss Petitioner's Second Amended Petition."  In this document, Petitioner contends that all facts and claims contained in the Second Amended Petition have been exhausted in the state courts.  However, Petitioner requests the Court to strike the unexhausted portions of the claims if the Court finds that some of the claims are in fact unexhausted.

## BACKGROUND

Petitioner was convicted by a Los Angeles County Superior Court jury of carjacking in violation of California Penal Code ("PC") §215(a) and sentenced to state prison for ten years. (Lodged Document No. 1.)

 1 Petitioner filed a Notice of Appeal and a Petition for Writ of
 2 Habeas Corpus in the California Court of Appeal.  Petitioner argued
 3 that he received ineffective assistance of counsel in both his direct
 4 appeal and his Petition for Writ of Habeas Corpus.  On November 30,
 5 2005, the California Court of Appeal affirmed the conviction and
 6 denied the Petition for Writ of Habeas Corpus. (See Lodged Document
 7 No. 2.)
 8 Petitioner filed a "Petition for Rehearing" in the California
 9 Court of Appeal which was denied on December 22, 2005. (Lodged
10 Document No. 3.)
11 Petitioner filed a Petition for Review in the California Supreme
12 Court.  Petitioner raised an ineffective assistance of counsel claim
13 and trial court error for failing to appoint independent counsel to
14 investigate claims of ineffective assistance of counsel.  The
15 California Supreme Court denied the Petition for Review on March 1,
16 2006. (Lodged Document No. 4.  See also Lodged Document No. 5 –
17 California Supreme Court's denial of habeas petition.)
18 Petitioner also filed a habeas petition in the Los Angeles County
19 Superior Court.  On May 5, 2007, the Los Angeles County Superior Court
20 denied the habeas petition. (See Lodged Document No. 6.)
21 On June 20, 2007, Petitioner filed a habeas petition in the
22 California Court of Appeal.  On August 29, 2007, the California Court
23 of Appeal issued an Order denying the habeas petition. (Lodged
24 Document No. 7.)
25 On October 10, 2007, Petitioner filed a habeas petition in the
26 California Supreme Court.  On March 26, 2008, the California Supreme
27 Court denied the habeas petition. (Lodged Document No. 8.)
28 On October 22, 2007, Petitioner filed a habeas petition in the

1 California Supreme Court.  Petitioner raised a Cunningham claim and an
2 insufficiency of the evidence claim regarding his priors.  On March
3 26, 2008, the California Supreme Court denied the habeas petition
4 (Lodged Document No. 9.)

## APPLICABLE LAW

7   Federal habeas petitioners challenging the legality of custody
8 pursuant to a state court judgment must first exhaust any remedies
9 available in the state courts, unless circumstances exist which make
10 such remedies ineffective.  (28 U.S.C. §2254(b)(1))  This exhaustion
11 requirement is not met if a petitioner has the right, under state law,
12 to raise the claims presented in any available state procedure.  (28
13 U.S.C. §2254(c))  A state, through counsel, may waive the exhaustion
14 requirement, but must do so expressly.  (28 U.S.C. §2254(b)(3))
15   The exhaustion requirement is designed to protect the role of the
16 state courts in the enforcement of federal law and to prevent
17 disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S.
18 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  A petitioner has
19 exhausted state remedies if he has fairly presented each and every one
20 of his federal claims to the highest state court with the jurisdiction
21 to consider them.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887,
22 130 L. Ed. 2d 865 (1995) (per curiam), citing Picard v. Connor, 404
23 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Harmon v. Ryan,
24 959 F.2d 1457, 1460 (9th Cir. 1992).  A claim has been fairly
25 presented if the petitioner has described the operative facts and
26 legal theory upon which his claim is based.  Bland v. California
27 Department of Corrections, 20 F.3d 1469, 1473 (9th Cir.), cert. denied
28 513 U.S. 947 (1994).  Further, the petitioner must have alerted the

1  state court that a claim is asserted under the United States
2  Constitution. Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828,
3  830-31 (9th Cir. 1996). If a petitioner fails to alert the state court
4  to the fact that he is raising a federal constitutional claim, his
5  federal claim is unexhausted regardless of its similarity to the
6  issues raised in state court. Keating v. Hood, 133 F.3d 1240, 1241
7  (9th Cir. 1998); citing Johnson, 88 F.3d at 829; see also Crotts v.
8  Smith, 73 F.3d 861, 865 (9th Cir. 1996).

9  Unless the state expressly waives the exhaustion requirement, a
10 federal court cannot grant relief requested in a state prisoner's
11 habeas petition if the prisoner has not exhausted state remedies with
12 respect to each and every claim contained in the petition. 28 U.S.C.
13 §2254(b)(1); Reutter v. Crandel, 109 F.3d 575, 578 (9th Cir.), cert.
14 denied, 118 S. Ct. 142 (1997) (even petitions containing both
15 exhausted and unexhausted claims are subject to dismissal).

**DISCUSSION**

18 Respondent contends that the Second Amended Petition is
19 unexhausted as Petitioner failed to exhaust the following claims: (1)
20 the trial court violated his due process rights by failing to reduce
21 his conviction for carjacking to the lesser offense of joyriding
22 (Second Amended Petition, attachment at 4); (2) the trial court
23 violated his "Fourth Amendment" by failing to appoint independent
24 counsel to investigate whether he received ineffective assistance of
25 trial counsel (Second Amended Petition, attachment at 5-6, 9-10, 18);
26 (3) the failure to appoint independent counsel was an abuse of
27 discretion (Second Amended Petition, attachment at 9, 11-13); (4)
28 trial counsel provided ineffective assistance by failing to present

6

testimony from a character witness (Second Amended Petition, attachment at 5); and (5) trial counsel provided ineffective assistance by failing to admit evidence pursuant to California Evidence Code §1241 (Second Amended Petition, attachment at 14).

The Court has reviewed Petitioner's state habeas petitions and his Petition for Review in the California Supreme Court. The Court finds that Petitioner has failed to raise the following claims: (1) the trial court violated due process by failing to reduce his conviction for carjacking to the lesser offense of joyriding (Second Amended Petition, attachment at 4); (2) that the trial court violated his "Fourth Amendment" by failing to appoint independent counsel to investigate whether he received ineffective assistance of counsel (Second Amended Petition, attachment at 5-6, 9-10, 18); (3) trial counsel provided ineffective assistance by failing to present testimony from a character witness (Second Amended Petition at 5); and (4) trial counsel provided ineffective assistance by failing to admit evidence pursuant to California Evidence Code §1241. (Second Amended Petition at 14.) However, with respect to Petitioner's claim that the failure to appoint independent counsel was an abuse of discretion, the Court finds that Petitioner has in fact exhausted this claim. (See Lodged Documents 4-5.)

Petitioner in his Opposition requested the Court to strike any unexhausted claims. The Court **HEREBY STRIKES** claims 1, 2, 4 and 5 above.

## ORDER

Respondent's Motion to Dismiss is **GRANTED IN PART** with respect to claims one, two, four and five above and **DENIED** as to claim three and

7

all other claims contained in the Second Amended Petition. Respondent is **HEREBY ORDERED** to file an Answer addressing the merits of the Second Amended Petition within 30 days of the date of this Memorandum and Order. Petitioner may then 30 days thereafter file a Reply.

DATED: January 29, 2009                 /s/
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE